STATE OF TENNESSEE ex rel. E. S. CAMPBELL et al.

*v.*

MAYOR and ALDERMEN of the TOWN of MORRISTOWN et al.

(*Knoxville*, September Term, 1960.)

Opinion filed December 9, 1960.

TAYLOR & INMAN, Morristown, for plaintiffs in error.

PAUL R. CAPPS, Morristown, for defendants in error.

Mr. Chief Justice Prewitt delivered the opinion of the Court.

This is an appeal from a judgment of the Circuit Court of Hamblen County, Tennessee, and is what is called an annexation suit.

Pursuant to Chapter 113 of the Public Acts of the General Assembly of Tennessee, for the year 1955, now codified as Sections 6-304, 6-308 to 6-319, T.C.A., the Town of Morristown sought to annex, by ordinance, certain territory lying to the west of the city limits of that municipality.

The residents of the area sought to be annexed filed a petition to contest the validity of the ordinance, on the ground that it could not be deemed necessary for the welfare of the residents and property owners of the affected territory, and the municipality as a whole.

The defendant, City, filed a demurrer. This was sustained by the trial judge, the suit dismissed, and this appeal resulted.

The petition sets out the proposed enactment of Ordinance No. 1532, and then goes further to allege the reasons why the attempted annexation is not reasonably necessary for the welfare of the residents of the affected area, or the welfare of the municipality as a whole.

Among other things it is alleged that said annexation ordinance is not conducive to the health and safety and welfare of the residents of the affected area, but that same is detrimental to their welfare, and that the proposed annexation would impose taxes upon the residents of the area, without representation upon the city council; and that the municipality made no provision for the

installation of satisfactory sewer lines in the area sought to be annexed and that the municipality does not have sufficient funds or anticipated revenues for additional school buildings or to adequately accommodate the school children of the area proposed to be annexed.

Now it appears that the trial judge sustained the demurrer without a hearing.

We quote the following from *Morton v. Johnson City,* 206 Tenn. 411, 333 S.W.2d 924, 930:

"We now come to the main issue in the lawsuit that is whether or not this ordinance annexing this property was reasonable or unreasonable. We might say that in our judgment of the correct legal principle to apply is what is said in the outset of this opinion, that is if it is a fairly debatable question as to whether or not the ordinance is reasonable or unreasonable the courts certainly are not going to take any hand in it one way or the other. In other words if it becomes a fairly debatable question on this theory (reasonableness or unreasonableness) of the thing it is not a question to be submitted to a jury. Where there is evidence pro and con it becomes a question of law for the court in view of all of the evidence if it is a fairly debatable question as to reasonableness or unreasonableness. This being true the court should take the matter away from the jury and conclude in favor of the ordinance."

"When the evidence is thus evenly divided on the reasonableness or unreasonableness it is perfectly obvious that those opposing and those in favor of, whether it is reasonable or unreasonable, are so expressing themselves in a political or a legislative matter and

not in such a matter as it constitutes evidence that should or would control a judiciary. It is for these reasons that we think for the same reason expressed on the question of the public hearing above, and the authorities there cited, that it was the duty of the trial judge after hearing this evidence pro and con, and seeing that it was a fairly debatable issue on this thing, to withdraw these issues from the jury and to determine himself that since it was a reasonably debatable question, as to the reasonableness or unreasonableness, to determine in favor of the action of the legislative body who had passed this ordinance and to decree that the ordinance was a valid ordinance."

"In view of our judicial history in this State, our belief of the separation of the three powers, and what is said in the outset of this opinion we must conclude that the question of whether or not this annexation was reasonable or unreasonable and for the health, safety and benefit of the citizens involved in the two areas is a debatable question so much so that it becomes a question of law for the court and the court should so determine."

In the Morton case supra, in a matter involving the reasonableness of an annexation ordinance, the court should hear the evidence that may be presented, and if the court should conclude that a fairly debatable question is presented, then it becomes the duty of the trial court to decide that the ordinance is reasonable and valid.

Now it appears in the present case that the trial court did not hear the evidence that could be presented by the petitioners to prove the allegations of their petition. The petitioners were thus deprived of any opportunity to

show that the ordinance was unreasonable, or that the ordinance was not necessary for the health, welfare and safety of the persons living in the area sought to be annexed.

The rule announced in the Morton case supra, contemplates that those wishing to challenge the reasonableness of an annexation ordinance should, at least, be given the opportunity to prove, by such evidence as they might have available, that the same was an unreasonable enactment.

This being our view of the matter this case will be remanded to the Circuit Court of Hamblen County for a hearing of the proof and to determine the reasonableness or unreasonableness of the ordinance in question.